AIRICK FUDALI, ESQ. (Calf. Bar No. 296364)
DANIEL G. ELLIS, ESQ. (Calf. Bar No. 298639)
Herman Law
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Telephone: (305) 931-2200
Facsimile: (305) 931-01877

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE NO. 59, by and through her parent and natural guardian, MOTHER DOE,<br>        Plaintiff,<br>   vs.<br>SANTA ROSA CITY SCHOOLS, a public entity and DOES 1-100,<br>        Defendants. | Case No.:_____<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JANE DOE NO. 59, by and through her parent and natural guardian, MOTHER DOE, by and through her undersigned counsel, brings this Complaint against Defendants, SANTA ROSA CITY SCHOOLS and DOES 1-100, and states as follows:

**PARTIES**

1.      Plaintiff, JANE DOE NO. 59 ("JANE DOE" or "JANE") is a minor child.  She resides with her parent and natural guardian, JANE DOE's Mother, MOTHER DOE in the State of California.

2.      This action is brought using pseudonyms to protect the identities of JANE DOE and MOTHER DOE as this matter concerns the sexual abuse of a minor.  Plaintiffs fear further

psychological damage to JANE DOE if her identity as a victim of sexual abuse becomes publicly known. JANE DOE's identity and MOTHER DOE's identity are known, or will be made known, to Defendants upon the Defendants' appearance in this action.

3. Defendant SANTA ROSA CITY SCHOOLS ("SANTA ROSA") is a school district which is charged with the operation and control of public kindergarden-12th grade education within the Santa Rosa City Schools District. At all relevant times, SANTA ROSA operated, controlled, and maintained Piner High School ("Piner" or "the School") in Santa Rosa, California. At all relevant times, Plaintiff attend Piner High School. Defendants DOES 1-100 are persons, agencies or entities who owed a duty of care to Plaintiff as a student at Piner High School, and breached that duty of care. (SANTA ROSA CITY SCHOOLS and DOES 1-100 are collectively referred to herein as "Defendants").

## JURISDICTION

4. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §1681(a), and supplemental jurisdiction of the state law claims set forth herein pursuant to 28 U.S.C. §1367.

## INTRADISTRICT ASSIGNMENT (VENUE)

5. Venue of this action lies in this District pursuant to 28 U.S.C. §1391 and Civil L.R. 3-2(c) as the Defendants reside in this District and the events and omissions giving rise to this action occurred in this District.

6. All conditions precedent to the filing of this action have been satisfied. In particular, Defendant SANTA ROSA served notice of the denial of Plaintiff's administrative claim no earlier than September 15, 2015, and this action is filed within 6 months of said denial.

2

COMPLAINT FOR PERSONAL INJUIRES AND DAMAGES DEMAND FOR JURY TRIAL
-

## FACTUAL ALLEGATIONS

7. On March 6, 2015, JANE DOE NO. 59 left her classroom during school hours at Piner High School in order to go to a bathroom. Fellow student, 17 year old C.E., followed her to a secluded area near the bathroom. C.E. restrained JANE by grabbing her around the neck, and sexually assaulted her by inserting his fingers in and out of her vagina. This was done without JANE's permission and against her will.

8. Prior to the above-described sexual assault, C.E. with other boys he associated with had sexually harassed JANE at Piner High School, including verbal harassment and taking photographs of JANE's backside before she sat down.

9. Prior to the above-described sexual assault, this sexual harassment was reported by JANE and MOTHER DOE to school officials at Piner High School, including the Vice-Principal, student advisor, and other teachers, who had authority to address the acts of C.E. and institute corrective measures.

10. Further, prior to the above-described sexual assault, C.E. was previously arrested for sexually assaulting another student at another high school, Analy High School in Sebastopol, California, and such was reported to that school's administration.

11. Thus, prior to and during the time that JANE was sexually assaulted, Piner High School officials had actual notice that C.E. posed a risk of sexual abuse to students, including JANE.

12. After receiving such actual notice, Piner High School officials, and thereby the Defendants, failed to take any corrective measures to protect JANE, or if any corrective measures were taken, such were ineffective and Piner High School official had notice such were

ineffective, constituting deliberate indifference on the part of Piner High School to known acts of sexual harassment in its school.

13.  As a result of the foregoing acts and omissions, JANE was deprived of the benefits of an education at Piner High School and has suffered great physical, emotional and psychological injuries.

## COUNT I

### (Negligence)

14. Plaintiff JANE DOE NO. 59 repeats and re-alleges Paragraphs 1 through 13 above.

15. At all relevant times, Defendants were in a special relationship with C.E. such that it had a duty to control his conduct and exercise reasonable care in ensuring that he was safe and posed no threat of foreseeable harm, including sexual abuse, to female students, including JANE.

16. At all relevant times, Defendants were also in a special relationship with JANE of school-student, in which Defendants had a duty to protect JANE from foreseeable harm, including sexual assault.

17. At all relevant times, Respondents knew or should have known that C.E. posed a foreseeable risk of sexual assault to JANE. Defendants breached their duty of care owed to JANE by failing to adequately supervise or control C.E., failing to adequately supervise or protect JANE, failing to provide a safe and secure environment for JANE, and failing to warn JANE about the potential danger posed by C.E.

18. At all relevant times, Defendants were in the special relationship of school-student that gave JANE a right of protection from Defendants. Defendants acted *in loco parentis* while entrusted with the custody and control of JANE.

19. At all material times, Defendants owed a duty to JANE to use reasonable care to ensure JANE's safety, care, health, and well-being, including protecting her from sexual harassment or assault. This duty encompassed the prevention of foreseeable harm from occurring to JANE while under the Defendants' supervision and control.

20. Defendants failed to take reasonable steps to provide for JANE's safety and to control C.E., including, without limitation (i) assigning C.E. an adult escort at all times on school grounds; (ii) transferring C.E. to another school; (iii) transferring C.E. to another class, classroom, and/or section of the School so as to reduce the contact between C.E. and JANE; (iv) imposing serious punishment or sanctions on C.E., including expulsion; (v) warning students and parents of the dangerousness of C.E.; or (vi) any such other action reasonably intended or designed to protect Jane from sexual harassment by C.E.

21. As a direct and proximate result of these breaches of duty, JANE was sexually assaulted by C.E. while they both attended Piner High School.

22. This sexual assault was a foreseeable result of Defendants' breach of duties to JANE.

## COUNT II

**(Violation of Title IX, 20 U.S.C. §1681 *et seq.*)**

23. Plaintiff JANE DOE NO. 59 repeats and re-alleges Paragraphs 1 through 13 above.

24. At all relevant times, Defendants and Piner High School received federal financial assistance.

25. JANE had a right to not be subject to sexual discrimination, harassment or abuse while she attended Piner High School.

26. Defendants had actual notice that C.E. posed a substantial risk of sexual harassment, abuse and/or assault to students, including JANE. This actual notice was received by officials of Piner High School, including the Vice-Principal, student advisor, and other teachers.

27. One or more of those who received such actual notice had authority to address the acts of sexual harassment and abuse by C.E. and institute corrective measures.

28. Any corrective measures instituted by Defendants were woefully inadequate, as C.E. continued to have unfettered and unsupervised access to JANE after said notice. This failure to institute adequate corrective measures was an official decision by Defendants to ignore the danger of sexual harassment and abuse to the children in its care, and constitutes deliberate indifference.

29. In response to such actual notice, Defendants could have instituted any of a number of corrective measures that would have prevented any sexual harassments or assaults of JANE, including, without limitation (i) assigning C.E. an adult escort at all times on school grounds; (ii) transferring C.E. to another school; (iii) transferring C.E. to another class, classroom, and/or section of the School so as to reduce the contact between C.E. and JANE; (iv) imposing serious punishment or sanctions on C.E., including expulsion; (v) warning students and parents of the dangerousness of C.E.; or (vi) any such other action reasonably intended or designed to protect Jane from sexual harassment by C.E.

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AS TO THE CAUSES OF ACTION, AS FOLLOWS:**

1. General, special and consequential damages according to proof at time of trial;

COMPLAINT FOR PERSONAL INJUIRES AND DAMAGES DEMAND FOR JURY TRIAL
-

2. Reasonable value of all medical expenses, medications, hospitalizations, therapy, counseling, and other related expenses, according to proof at time of trial;

3. For costs of the suit incurred herein;

4. For pre-judgment interest according to proof, pursuant to Civil Code §3291;

5. For attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

6. Such other and further relief this Court deems just and proper and/or is appropriate under law.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action.

Dated: March 14, 2016                    By: /s/ Airick Fudali
                                                     Airick Fudali, Esq. (Calf. Bar No. 296364)
                                                     Daniel G. Ellis, Esq. (Calf. Bar No. 298639)
                                                     Herman Law
                                                     *Attorneys for Plaintiff*