UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE NO. 59,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA ROSA CITY SCHOOLS, et al.,<br><br>　　　　Defendants. | Case No. 3:16-cv-01256-WHO<br><br>**ORDER COMPELLING DISCLOSURE OF JUVENILE RECORD**<br><br>Re: Dkt. No. 54 |

　　In an unopposed motion, plaintiff has moved to compel production of the complete juvenile case file of defendant C.E. in Sonoma County. Mot. ¶ 3. Defendants Santa Rosa City Schools and C.E. do not object. Mot. ¶¶ 6, 8. Functionally, the parties want me to reverse a decision of the Superior Court of California, Sonoma County, which considered an earlier petition by plaintiff pursuant to California Welfare and Institutions Code section 827 to release the same juvenile case file. That court, after an in camera review, allowed disclosure only of a redacted Sebastopol Police Department report and not the full case file as requested by plaintiff. Mot. ¶¶ 10–13; Order on Welfare & Institution Code Section 827 Petition After Judicial Review (Mot. Ex. E, Dkt. No. 54-5). I have somewhat different considerations than did my colleague in state court and must apply federal common law on privilege rather than state law. In weighing the needs of this case versus the state interest in confidentiality of the juvenile court records, I conclude that the records should be disclosed.

　　California Welfare and Institutions Code section 827 limits the inspection and release of juvenile court records. "Generally, a juvenile court has broad and exclusive authority to determine whether and to what extent to grant access to confidential juvenile records pursuant to section 827. Review of a juvenile court's decision to release juvenile records under section 827 is for abuse of discretion." *In re Elijah S.*, 125 Cal. App. 4th 1532, 1541 (2005)(citations omitted). However,

1  federal common law on privilege, not state law, controls cases that are in federal court with federal
2  question jurisdiction.[1] *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003), *abrogated in part*
3  *by Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Horn v. Hornbeak*, 2010 WL 1027508 (E.D.
4  Cal. Mar. 18, 2010)("Federal courts are not bound by state law and may authorize these
5  disclosures."); *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, 2007 WL 4249811, at *5
6  (E.D. Cal. Nov. 30, 2007)("California statute [§ 827] could not purport to bind the federal
7  courts.").

8  That said, "even in cases where federal law applies, constitutional and prudential
9  considerations suggest that courts should carefully assess any attempt to compel disclosure of
10 confidential juvenile court [files]." 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal*
11 *Practice and Procedure* § 5428, at 817 (1980); *see also Fox v. Cty. of Tulare*, 2013 WL
12 12086297, at *3 (E.D. Cal. July 24, 2013) ("comity requires that this law be respected if at all
13 possible"); *Maldonado*, 2007 WL 4249811, at *5 ("[T]he privilege advanced by the state statute
14 was a strong one, and that unless the state law was inconsistent with federal law on the subject,
15 comity required that the state law be respected if at all possible given the needs of this case.").
16 Accordingly, I must "weigh[] the needs of the case versus the state interest in keeping the juvenile
17 information confidential." *Maldonado*, 2007 WL 4249811, at *5.[2]

18 While I am reluctant to decide this matter differently than my colleague in state court,
19 consideration of the federal privilege factors compels me to do so. First, the information sought
20 by plaintiff is "significantly relevant to the issues in the case." *Id.* The juvenile criminal
21 proceeding pertained to a sexual assault by C.E. Plaintiff here accuses C.E. of a sexual assault and
22 alleges that her school district had knowledge of the prior assault. Compl. ¶¶ 10–12 (Dkt. No. 1).

---

[1] Plaintiff brings one claim under Title IX, 20 U.S.C. § 1681 *et seq.*, and one cause of action for negligence. Compl. (Dkt. No. 1).

[2] Plaintiff relies on *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652 (C.D. Cal. 2005) as authority for me to compel production, but this case is different. I am not asked to rule on a minor's objections based on privacy rights; here, the juvenile court judge considered plaintiff's petition and ordered only the release of the redacted police report. So I need to analyze this issue differently than the *Keith H.* court.

United States District Court
Northern District of California

Moreover, during his deposition, C.E. referred to statements he made as part of the criminal case that are not included in the redacted police report. Mot. ¶ 13. The information is unquestionably relevant.

Next,

> the court considers the following factors in determining the scope of protection to be accorded in the privacy context: (1) the probable encroachment of the individual's privacy right if the contested action is allowed to proceed, and the magnitude of that encroachment; (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation [i.e., an area where privacy concerns have traditionally been respected]; (3) whether the desired information is available from other sources with less encroachment of the privacy right; (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and (5) whether the interests of society at large encourage a need for the proposed encroachment.

*Maldonado*, 2007 WL 4249811, at *5. Here, defendants, C.E. included, do not object to release of the juvenile case file. Moreover, there is a protective order in place covering any disclosure that should protect the legitimate interest of those affected. Mot. ¶ 16; Protective Order (Dkt. No. 27). Given C.E.'s asserted lack of memory during his deposition about relevant matters, the information sought does not appear to be available from other sources. And although a juvenile case file is traditionally off limits, here it appears material to a lawsuit raising important concerns to society.

In weighing all of these factors, in light of the significant relevance of the record to this case, the protective order in place and the lack of objection by the defendants, I GRANT plaintiff's motion to compel disclosure of the entire juvenile case file.

**IT IS SO ORDERED.**

Dated: March 1, 2017

William H. Orrick
United States District Judge