UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE NO. 59,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA ROSA CITY SCHOOLS, et al.,<br><br>    Defendants. | Case No. 3:16-cv-01256-WHO<br><br>**ORDER GRANTING PETITION FOR MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 73 |

**INTRODUCTION**

    Minor plaintiff Jane Doe alleges that she was sexually assaulted by another student C.E., in part due to the negligence of defendant Santa Rosa City Schools ("SRCS"). Plaintiff and SRCS settled the case at a settlement conference before Magistrate Judge Maria-Elena James on June 12, 2017. The settlement was conditioned upon the terms remaining confidential. Plaintiff, by and through her Guardian ad Litem Mother Doe (Petitioner), seeks approval of the minor's compromise as ordered by Judge James. The petition is GRANTED.

**BACKGROUND**

    The alleged sexual assault occurred in March 2015, when plaintiff was 15 years old. Plaintiff alleges that SRCS had notice of C.E.'s sexual harassment of female students, including herself. Plaintiff has been diagnosed with post-traumatic stress disorder, and continues to suffer from physical, psychological, and emotional injuries.

    The parties reached a settlement agreement at a settlement conference before Magistrate Judge Maria-Elena James on June 12, 2017. The terms of the settlement are confidential. *See*

Dkt. No. 72.[1]

**LEGAL STANDARD**

Generally, federal courts follow applicable state law when approving a minor's settlement claim. *See* Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 15:138 (2016). With court approval, a guardian *ad litem* has the power to compromise in settlement agreements. Cal. Civ. Proc. Code § 372.

California Rule of Court 7.95 governs court approval of a minor's compromise and requires that the petition be verified and "contain a full disclosure of all information that has any bearing upon the reasonableness of the compromise." Cal. Rules of Court 7.950; *see also* The Rutter Group California Practice Guide: Civil Procedure Before Trial, Ch. 12(II)-B. That information must include, as relevant here, a description of the nature of the claim, a statement that the Petitioner has made a careful and diligent inquiry and investigation into the facts and the responsibility for the incident, a full description of the settlement, details of any expenses to be taken from the settlement (including attorney's fees), the net balance of the proceeds due to the minors, and information about the attorney representing or assisting the minors. *See* Mandatory Form for Petition to Approve Compromise of Disputed Claim for Minor, Judicial Council of California MC-350. According to the Ninth Circuit, "the court in which a minor's claims are being litigated has a duty to protect minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). In order to ensure minors' interests are protected, the court must "independently investigate and evaluate" compromises recommended by parents or guardians *ad litem. Id*.

**DISCUSSION**

Upon review, I find that the Petition contains all the necessary information required by California Rules of Court 7.950. After a settlement conference with Magistrate Judge James, plaintiff agreed to settle her claims with SRCS. As a condition of the settlement, the parties stipulated to keep the terms of the settlement confidential. Plaintiff asserts and I accept as true that

---

[1] The parties' Stipulated Motion to File Petition for Approval of Minor's Compromise under seal (Dkt. No. 73) is GRANTED.

2

the parties agreed to the settlement after a "careful and diligent inquiry and investigation" into the nature, extent, and seriousness of Jane Doe's injuries. Pet. to Approve Compromise at 3 (Dkt. No. 74[under seal]). A summary of the disposition of the funds is contained in the sealed petition. *Id*. at 3–5. The plaintiff will receive the net balance of the proceeds when she turns 18. *Id*. at 5. I conclude that the settlement is a fair and reasonable compromise that benefits the minor plaintiff and is in her best interest. I also approve the payment of attorney's fees in the requested amount. The Petition for Approval of Minor's Compromise is GRANTED, and Mother Doe is appointed Guardian *ad Litem*.

**IT IS SO ORDERED.**

Dated: August 8, 2017

William H. Orrick
United States District Judge